UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ITALIA MINERVINI and AIVORY VANESSA BRAIDY,

    Plaintiffs,

v.                                                                                              **JURY TRIAL DEMANDED**

BELLA MIA, INC., a Florida for-profit corporation d/b/a PINK PONY, GALARDI SOUTH ENTERPRISES, INC., a Georgia for-profit corporation, GALARDI SOUTH ENTERPRISES CONSULTING, INC., a Georgia for-profit corporation, and TERI GALARDI, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, ITALIA MINERVINI, ("MINERVINI"), and AIVORY VANESSA BRAIDY, ("BRAIDY"), by and through their undersigned attorney, file this, their Complaint for Damages against Defendants, BELLA MIA, INC., a Florida corporation d/b/a PINK PONY, (hereinafter "BELLA MIA"), GALARDI SOUTH ENTERPRISES, INC., a Georgia for-profit corporation, (hereinafter "GSE"), GALARDI SOUTH ENTERPRISES CONSULTING, INC., a Georgia for-profit corporation, (hereinafter "GSEC"), and TERI GALARDI, an individual (hereinafter "T. GALARDI"), and state as follows:

### INTRODUCTION

1. This is an action to recover monetary damages in the form of unpaid overtime and minimum wages and to redress the deprivation of rights secured to Plaintiffs by the Fair Labor

Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA), the Florida Constitution and Section 448.110 of the Florida Statutes.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331.  At all times pertinent to this Complaint, the corporate Defendants, BELLA MIA, GSE, and GSEC were enterprises engaged in interstate commerce.  At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants operate exotic dance clubs which serve food and beverages.  Plaintiffs' work as a bartenders involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, that were used commercially in Defendants' businesses, and moved in interstate commerce

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the personal jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the personal jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendants were and continue to be corporations and an individual doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiffs, MINERVINI and BRAIDY were and continue to be residents of Plantation, Broward County and Miami, Miami-Dade County respectively, and were "employees" of the Defendants within the meaning of the FLSA and the Florida Constitution.

9. At all times material hereto, Defendants were conducting business in Miami, Miami-Dade County, Florida, with their principal place of business in Miami, Florida.

10. At all times material hereto, Defendants were the employers of Plaintiffs, MINERVINI and BRAIDY.

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA and the Florida Constitution.

12. During a significant period of the Plaintiffs' employment, they received no wages whatsoever.

13. During certain other periods of the Plaintiffs' employment, the Defendants took an unlawful FLSA tip credit. Among other things, and pursuant to Defendants' policy or practice, they did not inform Plaintiffs about taking a tip credit.

14. The Defendants paid Plaintiffs below the minimum wage.

15. During the employment of the Plaintiff, Defendants claimed a "tip credit" of $3.02 for the Plaintiff, and others similarly situated, and paid these employees below the applicable federal and state minimum wage.

16. At all times material hereto, Defendants knowingly and willfully failed to pay MINERVINI and BRAIDY their lawfully earned wages in conformance with the FLSA.

17. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are personally liable for monetary damages.

18. At all times material hereto, BELLA MIA, GSE, and GSEC were and continue to be "enterprise[s] engaged in commerce" within the meaning of the FLSA.

19. At all times material hereto, Defendant, T. GALARDI was involved in the day-to-day operations of the Defendant companies.

20. At all times material hereto, the work performed by Plaintiffs, MINERVINI and BRAIDY, was directly essential to the businesses performed by the Defendants.

21. Plaintiffs, MINERVINI and BRAIDY, have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

22. In or about 2001, Plaintiff, MINERVINI was hired by the Defendants as a bartender at the Defendants' strip club. Her employment continues to date.

23. Plaintiff, MINERVINI was paid nothing for some of her work hours.

24. In or about July 2009, Plaintiff, BRAIDY was hired by the Defendants as a bartender at the Defendants' strip club. Her employment terminated in or about May 2013.

25. Plaintiff, BRAIDY was paid nothing for many of her work hours.

26. Defendants knowingly and willfully operated their businesses with a policy of not paying wages in conformance with the FLSA or the Florida Constitution, to the Plaintiffs.

27. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

28. Plaintiffs, MINERVINI and BRAIDY, repeat and reallege Paragraphs 27 through 21 as if fully set forth herein.

29. Plaintiffs, MINERVINI and BRAIDY's employment with the Defendants was to consist of a normal work week for which they should have received time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

30. During Plaintiffs' employment, Plaintiffs worked hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half for all of their hours.

31. Plaintiffs were entitled to be paid at the rate of time and one-half for all their hours worked in excess of the maximum hours provided for in the FLSA.

32. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken

promptly in this case and, if necessary, they will then seek leave of Court to amend their Complaint for Damages to set forth the precise amount due them.

33. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, MINERVINI and BRAIDY, at the statutory rate of time and one-half for all the hours they worked in excess of forty (40) hours per week when they knew or should have known such was due.

34. Defendants failed to properly disclose or apprise Plaintiffs, MINERVINI and BRAIDY, of their rights under the FLSA.

35. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

36. Due to the willful and unlawful acts of the Defendants, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

37. Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

    a.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiffs overtime compensation in the amount calculated;

    c.    Awarding Plaintiffs liquidated damages in the amount calculated;

    d.    Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiffs post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

38. Plaintiffs re-allege Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

39. Plaintiffs' employment with Defendants was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

40. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

41. Plaintiffs worked hours for the Defendants for which they were paid below the statutory minimum wage. The Defendants unlawfully availed themselves to an FLSA "tip credit," or alternatively paid Plaintiffs nothing for some of their work hours.

42. Defendants' violation of the FLSA concerning payment of minimum wages was willful.

43. Defendants knew of and/or showed a willful and reckless disregard for the provisions of the FLSA concerning the payment of minimum wages to the Plaintiffs.

44. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiffs respectfully request:

a. judgment in their favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION (FLORIDA MINIMUM WAGE AMENDMENT) AND SECTION 448.110 FLORIDA STAUTES

45. Plaintiffs reallege Paragraphs 1 through 27 as if fully stated herein.

46. Pursuant to Article X, Section 24 of the Florida Constitution, and Section 448.110 Florida Statutes, Defendants were required to pay Plaintiffs at least the applicable Florida minimum wage.

47. During Plaintiffs' employment, Defendants paid them less than the statutory minimum wage for some of their work hours.

48. The Defendants acted willfully in violating Florida law.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution and Section 448.110, insofar as failing to pay Plaintiffs at or above the minimum wage;

b. Awarding Plaintiffs all back wages due and owing;

c. Awarding Plaintiffs liquidated damages in the amount equal to their back wages;

d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

g. Declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiffs, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

DATED: March 31, 2014.

>Respectfully submitted,
>
>BOBER & BOBER, P.A.
>Attorneys for Plaintiffs
>1930 Tyler Street
>Hollywood, FL 33020
>Phone: (954) 922-2298
>Fax: (954) 922-5455
>peter@boberlaw.com
>samara@boberlaw.com
>
>By:  s/.  Peter Bober
>       PETER BOBER
>       FBN: 0122955
>       SAMARA ROBBINS BOBER
>       FBN:  0156248

BOBER & BOBER, P.A.
1930 Tyler Street ●Hollywood, Florida  33020 ● Phone (954) 922-2298● Fax  (954) 922-5455