UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-21138-CIV-ALTONAGA/O'Sullivan

ITALIA MINERVINI, *et al.*,

    Plaintiffs,

vs.

BELLA MIA, INC., *et al.*,

    Defendants.

_____/

**ORDER DISMISSING CASE WITH PREJUDICE**

**THIS CAUSE** came before the Court upon the parties' Joint Motion to Approve Settlement Agreement and for Dismissal with Prejudice Plaintiffs' Complaint (the "Motion") [ECF No. 18], filed May 12, 2014. Upon review of the record and the parties' documented basis for a settlement of the FLSA case, including an award of attorneys' fees to Plaintiffs' counsel as the prevailing party, the Court finds that settlement of this action is fair and reasonable and that the requested fee is fair and reasonable and not grossly excessive.[1] Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.     The Motion **[ECF No. 18]** is **GRANTED**.

2.     The Settlement Agreements and Mutual General Releases **[ECF Nos. 18-1 and 18-2]** between Plaintiffs, Italia Minervini and Aivory Vanessa Braidy, and

---

[1] The parties filed separate Settlement Agreements and Mutual General Releases ("Settlement Agreements") [ECF Nos. 18-1 and 18-2] for each Plaintiff. The Settlement Agreements each contain a confidentiality provision. (*See* Settlement Agreements ¶ 11). Where a settlement must be approved by the Court, the settlement becomes a part of the judicial record, and therefore may not be deemed confidential even if the parties so consent. *See Jessup v. Luther*, 277 F.3d 926, 929–30 (7th Cir. 2002). Accordingly, parties may not submit a settlement agreement under seal or seek to have it reviewed *in camera* unless there is a compelling interest in secrecy. *Id*. at 928. The parties' Settlement Agreements, which were not filed under seal, remain on the public docket.

CASE NO. 14-21138-CIV-ALTONAGA/O'Sullivan

Defendants, Bella Mia, Inc., Galardi South Enterprises Consulting, Inc., and Teri Galardi, which have been duly filed as records of the Court, are **APPROVED** in their entirety.

3. This case is **DISMISSED with prejudice**, and all pending motions are **DENIED as moot**.

4. The Court retains jurisdiction to enforce the terms of the Settlement Agreements.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of May, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record